**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **T-M VACUUM PRODUCTS, INC.** | § | **CIVIL ACTION NO.** |
| **Plaintiff** | § | **09-00095** |
| | § | |
| **V** | § | **CIVIL** |
| | § | **JURY** |
| **JOHN B. BERRY, et ux** | § | |
| **Defendants** | § | |

**ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **JOHN B. BERRY,** Defendant herein, and hereinafter referred to as Defendant or Counter Plaintiff, and files this Original Answer to Plaintiff's Complaint on file, and would respectfully show the Court the following:

I.

**AFFIRMATIVE DEFENSES**

Even if Plaintiff proves the allegations in its claim, Defendants are not liable to Plaintiff because:

(A) of estoppel including acknowledging certain facts in writing.

(B) of fraud by Plaintiff

(C) of the statute of frauds.

(D) Plaintiff's claims are barred by the statute of limitations.

(E) of waiver.

(F) Plaintiff's claims are barred by the doctrine of collateral estoppel.

(G) of offset.

(H) of legal justification or excuse. {*See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 689-90 (Tex.1989)*}

(I) Plaintiff ratified GlobaLease's conduct. {*See Williams v. City of Midland, 932 S.W.2d 679, 685 (Tex.App.-El Paso 1996, no writ)*}

(J) The parole evidence rule

(K) Payment by GlobaLease

(L) Breach of contract by Plaintiff

(M) Defendant asserts the terms of the Consent and Assignment executed by Plaintiff in the underlying sale.

(N) No Final judgment has been entered in the underlying case

II.

**CONDITIONS PRECEDENT**

The Plaintiff has not met the conditions precedent for filing its claim, in spite of Plaintiff's fraudulent claim to the contrary.

III.

**RESPONSE TO COMPLAINT AND SPECIFIC DENIALS BY PARAGRAPH NUMBERS.**

a. Defendant admits the statements are contained in the first sentence of paragraph 1 of Plaintiff's Complain, but denies the truth of the allegations of fraud. Defendant denies the allegations in the Complaint set forth in the second sentence of paragraph I and specifically the assertion and allegation that Plaintiff timely completed its delivery of the furnaces under the contract,

which Defendant specifically denies. Further Defendant denies the allegations of a pretext to avoid payment to the manufacturer. Defendant's Answer and Counter Claim show that Defendant did not and does not owe Plaintiff any net amount. Defendant admits it did execute a document styled Consent and Agreement dated October 29, 2005, and admits Plaintiff owes Defendant sums of money for Plaintiff's breach of contract by failure to timely deliver the Units to Ulba.. No final judgment has been rendered against GlobaLease, as alleged.

b. As to the allegations in the Complaint set forth in the first sentence of paragraph 2, Defendant admits that John B. Berry owns stock in GlobaLease Inc. but Patricia Berry is not an officer, director or shareholder of GlobalLease. As to the allegations in the Complaint set forth in the second sentence of paragraph 2, Defendant asserts and admits that GlobaLease has legitimate business reasons for not paying Plaintiff and asserts and admits that Plaintiff has no claim against the Defendants personally.

Defendant specifically denies the balance of Paragraph 2, and state that Plaintiff's allegations are false, misleading and completely ignores the true facts.

c. Defendant admits the allegations in the Complaint set forth in paragraph 3.

d. Defendant admits the allegations in the Complaint set forth in paragraph 4.

e. Defendant admits the allegations in the Complaint set forth in paragraph 5.

f. Defendant admits the allegations in the Complaint set forth in both the first and second paragraph 6s (there are two).

g. Defendant admits the allegations in the first sentences of the Complaint set forth in the first Paragraph 7 (there are two paragraph 7s).

h. As to the second paragraph 7, Defendant admits certain further allegations in the Complaint

set forth in paragraph 7, but specifically denies that Supplementary Agreement No. 3 is a part of or supplements any contract or a part of an agreement by GlobaLease, as neither Defendants nor GlobaLease have never approved or accepted such Supplement No. 3 ).

i. Defendant admits the allegations in the Complaint set forth in paragraph 8, except for Plaintiff's insinuation that the lease payments were used to pay the purchase price, as this is just a guess and assumption by Plaintiff, not backed up by any writing or fact. Additionally, Defendant objects to Plaintiff's insinuation that it used the funds to pay for the construction of the furnaces, as Plaintiff received over $2 million dollars from GlobaLease, but, in violation of its contractual agreements, never began construction on the furnaces for a prohibitive number of months until the delivery dates were long past due.

j. Defendant admits the allegations of paragraph numbered 9.

k. Defendant denies the allegations and denials in the Complaint set forth in paragraph 10 and specifically, states that it never agreed to any accommodations of Plaintiff with Ulba with respect to delivery dates that vary from the original contracts; and upon information and belief it is understood that the two furnaces were not shipped until on or about December 22, 2006 and the June 15, 2007, respectfully, and were not successfully tested and accepted by Ulba until on or about April 21, 2007 and October 22, 2007, respectfully, but denies that anything any entity has done has excused T-M Vacuum Products of its prior defaults and breaches of the contract documents. Defendant does not allege that Ulba is or has been in default under the contracts. Nothing alleged by Plaintiff excuses Plaintiff's breach of the contracts.

l. As to Paragraph 11, Defendant denies certain allegations and denials in the Complaint set forth in paragraph 11 and specifically, states that GlobaLease has not failed or refused to perform

any obligation that it owes Plaintiff following Plaintiff's breach of the contracts. Specifically, GlobaLease has not failed and refused to pay Plaintiff any sum because GlobaLease did not owe Plaintiff any such sums. Under the contract terms, no sums are due to Plaintiff in excess of the sums due to GlobaLease by the Plaintiff. Defendant denies that the invoices listed by Plaintiff are due or owing to Plaintiff by GlobaLease. Defendant specifically states that Defendant does not owe Plaintiff any amount of money or invoice and certainly not the $621,439.00 alleged. Defendant states that Plaintiff owes GlobaLease monies in excess of the amount claimed by Plaintiff as more fully set out in GlobaLease's counterclaim. Plaintiff's failure to pay or offset the amounts it owes GlobaLease, constitutes a further continuing breach of its contracts by Plaintiff. The dates alleged by Plaintiff seem correct. Defendant denies a final judgment has been entered as alleged.

m. The allegations of Plaintiff in paragraph 12 are accurate, but the insinuation in the last sentence is unfounded.

n. As to paragraph 13, the basic facts are as alleged but GlobaLease had every legal right to do what Plaintiff insinuates is wrongful.

o. As to paragraph 14, Defendant denies the allegations of impairment of ability to honor its obligations and if Plaintiff had not breached the contracts, the sale would have been completed as contracted. Plaintiff's musings as to what did or could have occurred have no place in this suit.

p. As to paragraph 15, Defendant denies the allegations of a "spending spree" etc. What GlobaLease did with its funds is of no concern to Plaintiff as GlobaLease has a large receivable due it from Plaintiff which makes GlobaLease solvent.

q. As to paragraph 16, Defendant has no comment on the use of its funds by GlobaLease.

r. As to paragraph 17, Mr Berry was entitled to e paid a salary and Defendant denies the

insinuation of Plaintiff. GlobaLease has the right to spend its funds as it sees fit, under the law.

s. As to paragraph 18, Defendant denies the insinuations and disparaging statements of Plaintiff. GlobaLease has a large receivable due from Plaintiff which shows that it is solvent at this time.

t. As to paragraph 19, Defendant denies it or GlobaLease induced Plaintiff to do anything other than to abide by its contractual obligations and duties. Defendant denies he or GlobaLease were guilty of false or fraudulent representations. GlobaLease was experienced and successful and would still be in business if Plaintiff had not breached the contracts.

u. As to paragraph 20 Defendant denies the allegations of paragraph 20 or that GlobaLease had any obligation to do what Plaintiff alleges Defendant did or did not do properly.

v. As to paragraph 21 Defendant denies the allegations and false statements made by Plaintiff in paragraph 21.

w. As to paragraph 22 Defendant denies the allegations and false statements made by Plaintiff in paragraph 22.

x. As to paragraph 23 Defendant denies the allegations and false statements made by Plaintiff in paragraph 23.

y. As to paragraph 24, Defendant denies that Plaintiff had damages, and certainly not entitled to exemplary damages.

z. As to paragraph 25 Defendant denies the allegations and false statements made by Plaintiff in paragraph 25 and states that the payments were not fraudulent, nor violate the UFTA or the Tex BCC.

aa. As to paragraph 26, Defendant denies the allegations and false statements made by Plaintiff

in paragraph 26 and states that the payments were not fraudulent, nor violate the UFTA or the Tex BCC.

bb. As to paragraph 27 Defendant denies the allegations and false statements made by Plaintiff in paragraph 27 and states that the payments were not fraudulent, nor violate the UFTA or the Tex BCC.

cc). As to paragraph 28 Defendant denies the allegations and false allegations made by Plaintiff in paragraph 28 and states that the payments were not fraudulent, nor violate the UFTA or the Tex BCC and that Plaintiff is entitled to no judgment.

dd. Defendant admits the allegations in paragraph 29.

ee. As to paragraph 30 Defendant denies the allegations and false statements made by Plaintiff in paragraph 30 and states that the payments were not fraudulently disbursed by GlobaLease.

ff. As to paragraph 31 Defendant denies the allegations and false statements made by Plaintiff in paragraph 31 and states that the payments were not fraudulent, there was no fraud by Defendants, on fraudulent transfers and that Plaintiff is not entitled to a constructive trust upon the Defendants' homestead, in any amount.

**ATTORNEY'S FEES**

Defendant seeks attorney's fees and costs from Plaintiff as Plaintiff brought a frivolous claim against Defendant; that Defendant is entitled to its fees as this suit is based on a written contract which provided that Plaintiff shall indemnify GlobaLease and Defendant and pay its attorney's fees and costs, including any appeal, and additionally under F.R.C.P. No. 11.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof Plaintiff take nothing by reason of this suit, and that Defendant have such other and

further relief, general and special, legal and equitable, including its costs and attorney's fees to which Defendant is justly entitled and will ever pray.

BOUSQUET DEVINE, P.C.
of counsel

______________________________
THOMAS BOUSQUET
9225 Katy Freeway # 103
Houston, Texas 77024
Bar Card No. 02717000
Federal No. 3285
713-827-888
713-827-0096 (fax)
ATTORNEY FOR DEFENDANT

DEFENDANT REQUESTS A TRIAL BY JURY

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was forwarded to all counsel of record by email and regular mail, on this the 19th day of February, 2009, and the original was promptly filed with the Clerk of the above Court by e-mail, together with this proof of service.

/s/ Thomas G. Bousquet ______________________
THOMAS G. BOUSQUET