IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-95 |
| | § | |
| JOHN B. BERRY and wife, | § | |
| PATRICIA P. BERRY, | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANTS' MOTION TO DISMISS

---

Defendants John B. Berry ("Mr. Berry") and Patricia P. Berry ("Mrs. Berry") (collectively "the Berrys") file this Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## I.      INTRODUCTION

Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") asserts a claim for fraud against the Berrys, but fails to meet the pleading requirements of FED. R. CIV. P. 9(b).  In particular, T-M Vacuum has not (1) plead with particularity any misrepresentation or omission by the Berrys, or (2) that the Berrys owed any duty of disclosure to T-M Vacuum.    Accordingly, T-M Vacuum's fraud claim should be dismissed.

## II.      STAGE OF THE PROCEEDING

Trial is set for Wednesday, February 27, 2010 at 9:00 a.m.

## III.    FACTUAL BACKGROUND

T-M Vacuum complains that Mr. Berry[1] fraudulently induced it to enter into a deal by which Mr. Berry's company, TAISC, Inc. d/b/a GlobaLease Solutions ("GlobaLease"), agreed to provide financing for the sale of commercial vacuum furnaces manufactured by T-M Vacuum to a third party. (Dkt. No. 1).  T-M Vacuum alleges that "Mr. Berry induced T-M Vacuum into the above-described transactions, and further induced T-M Vacuum to continue its extensive work to produce the furnaces for [the third party] throughout 2006 and 2007, by false and fraudulent representations." (*Id.*, ¶ 19).  The complaint describes the fraudulent representations as follows:

- "In GlobaLease's internet advertising and in discussions with T-M Vacuum personnel, Mr. Berry represented that GlobaLease was an experienced, successful provider of financing in international sales transactions." (*Id.*).

- Mr. Berry "failed to disclose" "that GlobaLease had no business or assets other than the T-M Vacuum/Ulba transaction." (*Id.*, ¶ 20).

- Mr. Berry "failed to disclose" "that GlobaLease quickly sold the lease receivables at a discount." (*Id.*).

- Mr. Berry "failed to disclose" "that GlobaLease then used the Ulba lease proceeds for the payment of personal expenses for Mr. and Mrs. Berry, including their home mortgage." (*Id.*).

- Mr. Berry "failed to disclose" "that GlobaLease paid a salary of $210,000 to Mr. Berry, also out of the Ulba lease proceeds, at a time that GlobaLease had no other ongoing business and no income." (*Id.*).

- Mr. Berry "failed to disclose" "that as a result of these transactions, GlobaLease would not have sufficient funds to pay the full amount owed to T-M Vacuum under the Purchase Agreement." (*Id.*).

Critically, the complaint does not allege that Mr. Berry had a duty to disclose any of these supposed nondisclosures.  As set out below, T-M Vacuum's allegations of fraud fail to meet the

---

[1]   While T-M Vacuum has sued both of the Berrys for fraud, only Mr. Berry is alleged to have made any fraudulent representations.

heightened pleading requirement of Rule 9(b), and should be dismissed.

## IV.   APPLICABLE LEGAL STANDARDS

### A.   *General standards related to Rule 12(b)(6)*

In order for a claim to survive scrutiny under a 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 & n.10 (5th Cir. 2007). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that every element of every challenged claim must be properly alleged:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Twombly*, 127 S. Ct. at 1964-65 (citations omitted). The allegations must be sufficient "to raise a right to relief above speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citation and footnote omitted). If a plaintiff's complaint fails to allege facts sufficient to "nudge[ ] [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 1974.

### B.   *Rule 9(b) Pleading Requirements*

Fed. R. Civ. P. 9(b) provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). A complaint alleging fraud must specify the "'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [the person] obtained thereby.'" *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)).

3

"This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). "Put simply, Rule 9(b) requires the complaint to set forth the 'who, what, when, where, and how of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). The requirements are analogous to "the first paragraph of a newspaper story, namely the who, what, when, where, and how." *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). This Rule should be applied "with force, without apology." *Williams*, 112 F.3d at 178.

To state a claim for common-law fraud based on nondisclosure, Texas law requires the claimant to allege: that the party concealed or failed to disclose a material fact that they knew the claimant was ignorant of or did not have the opportunity to discover; that the concealing party intended to induce the claimant to take some action by concealing or failing to disclose the material fact; and that the claimant suffered as a result of acting on the nondisclosure. *Dorsey*, 540 F.3d at 341 (citing *Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001)). However, "for there to be actionable nondisclosure fraud, there must be a duty to disclose." *Id.* (quoting *Newby v. Enron Corp.*, 388 F. Supp. 2d 780, 788 (S.D. Tex. 2005) (citing Texas case law)). Generally, a duty to speak exists only when the parties have a fiduciary or confidential relationship. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). While Texas courts have also found that a general duty to disclose information may arise in an arm's-length business transaction, that

4

only occurs when a party makes a partial disclosure that, although true, conveys a false impression and the other party does not have an equal opportunity to learn the truth. *See Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001); *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 585 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing *Citizens Nat'l Bank v. Allen Rae Invs.*, 142 S.W.3d 459, 476-77 (Tex. App.—Fort Worth 2004, no pet.); *Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex. App.—Houston [14th Dist.] 1997, no writ); *Ralston Purina Co. v. McKendrick*, 850 S.W.2d 629, 636 (Tex. App.—San Antonio 1993, writ denied)).

## V.     ARGUMENTS AND AUTHORITIES

### A.     *T-M Vacuum has not Plead Fraud with Particularity*

T-M Vacuum's fraud claims falls short of the requirements under Rule 9(b) to plead fraud with specificity.  The complaint does not provide when any of the misrepresentations were made, to whom they were made, or where they were made.  The complaint alleges that some of the misrepresentations were made "[i]n GlobaLease's internet advertising" (Dkt. No. 1, ¶ 19); however, the allegation does not identify what advertising is being complained of.  The complaint further alleges that misrepresentations were made to "T-M Vacuum personnel" (*Id.*); but does not provide the names of these "personnel," dates on which the statements were made, or any other supporting details.

Similarly, T-M Vacuum's allegation that Mr. Berry failed to disclose material facts about the transaction suffers the same defects.  (*Id.*, ¶ 20).  T-M Vacuum has not alleged that Mr. Berry owed T-M Vacuum a duty of disclosure.  To begin, T-M Vacuum has not alleged that Mr. Berry and T-M Vacuum were in a fiduciary relationship.  "Generally, the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking

5

out for their own interests." *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (Frost, J., concurring and dissenting).

T-M Vacuum's nondisclosure allegation asserts that Mr. Berry failed to disclose that he was using the money owed to T-M Vacuum to pay personal obligations, such as his mortgage, and that, as a result, GlobaLease did not have sufficient funds to pay the money owed to T-M Vacuum. (Dkt. No. 1, ¶ 20). But whether GlobaLease was sufficiently capitalized to meet its obligations owed to T-M Vacuum was information that T-M Vacuum should have determined *before* executing the Purchase Agreement. T-M Vacuum could reasonably be expected to make its own investigation, ask questions, draw its own conclusions, and protect its own interests. *Pellegrini v. Cliffwood-Blue Moon Jt.V.*, 115 S.W.3d 577, 580 (Tex. App.—Beaumont 2003, no pet.).

Nondisclosure does not give rise to a fraud claim unless the circumstances first give rise to a duty to disclose the information. *Id.* Here, T-M Vacuum has not alleged that it lacked the opportunity, knowledge, and ability to determine whether GlobaLease had sufficient capital on hand to meet the obligations owing to T-M Vacuum. Nor has T-M Vacuum alleged that it was unable to make a demand for adequate assurances of GlobaLease at any time. Because T-M Vacuum has not alleged that Mr. Berry owed a duty to disclose under the circumstances of this arm's-length commercial transaction, the fraud claim has not properly been plead.

B.   *Dismissal is Appropriate*

Failure to plead fraud with particularity under Rule 9(b) is regarded as a failure to state a claim upon which relief can be granted and is subject to dismissal under Rule 12(b)(6). *Lovelace*

*v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996); *see also Coates v. Heartland Wireless Commnc'ns, Inc.*, 55 F.Supp.2d 628, 633 n. 4 (N.D.Tex.1999) ("Although defendants do not identify in their motion the rule on which they rely to seek dismissal, their motion should be treated as a motion to dismiss for failure to state a claim, regardless whether it is based on Rule 9(b), Rule 12(b) (6), or both."). Accordingly, because T-M Vacuum has failed to plead properly a claim for fraud under Rule 9(b), T-M Vacuum's fraud claim should be dismissed.

## VI.   CONCLUSION AND PRAYER

The Berrys respectfully request that T-M Vacuum's claims against them for fraud be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Dated: January 19, 2010

Respectfully submitted,

By: /s/ Michael E. Richardson
     Michael E. Richardson
     Federal I.D. No. 23630
     State Bar No. 24002838
BECK REDDEN & SECREST, L.L.P.
One Houston Center, Suite 4500
1221 McKinney Street
Houston, TX 77010-2020
Telephone:  713-951-3700
Facsimile:  713-951-3720
Email: mrichardson@brsfirm.com

William W. Rucker
Federal I.D. No. 3669
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone: 713-824-0821
Facsimile: 713-528-5011
Email: rucker@wwrucker.com

ATTORNEYS FOR DEFENDANTS
JOHN B. BERRY AND PATRICIA P. BERRY

7

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing instrument to be served on the following counsel of record on this 19th day of January, 2010:

Miles Cohn, Esq.
SHEINESS, SCOTT, GROSSMAN & COHN, LLP
1001 McKinney Street, Suite 1400
Houston, Texas 77002-6420
*Via Facsimile*

/s/ Michael E. Richardson
Michael E. Richardson

8