IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-95 |
| JOHN B. BERRY and wife, PATRICIA P. BERRY, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE AN ACCOUNTING/VALUATION EXPERT

Defendants John B. Berry ("Mr. Berry") and Patricia P. Berry (collectively "the Berrys") file this Motion for Leave to Designate an Accounting/Valuation Expert, and in support thereof, would respectfully show as follows:

1. On January 13, 2010, this Court entered an order substituting the undersigned as counsel of record on behalf of the Berrys. (Dkt. No. 44).

2. Trial is set for January 27, 2010 at 9:00 a.m.

3. The Court previously entered an order setting September 30, 2009, as the deadline for the Berrys to designate experts and provide reports. Neither an accounting nor a valuation expert was designated by the Berrys' former counsel.

4. Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") asserts claims against the Berrys for common-law fraud and fraudulent transfer under Tex. Bus. & Com. Code §§ 24.005(a)(1), (a)(2), and 24.006.

1393.00002/449107.1

5. The fraudulent transfer claims involve several complex accounting and valuation principles that need to be explained by an expert. For example, central to T-M Vacuum's claims will be whether Mr. Berry's company, TAISC, Inc. d/b/a GlobaLease Solutions ("GlobaLease"), was solvent at the time the complained-of transfers were made. Solvency requires evidence of the debtor's debts and assets at "a fair valuation." *Id.* § 24.003(a).

6. T-M Vacuum also challenges whether GlobaLease received "reasonably equivalent value" in exchange for transfers made to Mr. Berry, which is defined as "a transfer or obligation that is within the range of values for which the transferor would have sold the assets in an arm's length transaction." *Id.* § 24.004(d).

7. Finally, T-M Vacuum alleges that GlobaLease made the transfers "with actual intent to hinder, delay, or defraud" T-M Vacuum. The jury will be instructed that to determine whether GlobaLease acted with an intent to hinder, delay, or defraud, they should consider whether:

(a) the transfer or obligation was to an insider;
(b) the debtor retained possession or control of the property transferred after the transfer;
(c) the transfer or obligation was concealed;
(d) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(e) the transfer was of substantially all the debtor's assets;
(f) the debtor absconded;
(g) the debtor removed or concealed assets;
(h) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

 (i)  the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

 (j)  the transfer occurred shortly before or shortly after a substantial debt was incurred; and

 (k)  the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Id.* § 24.005(b).

8. In determining whether to allow a late-designated expert to testify, a district court should consider "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998).

9. As set out above, the evidence submitted to the jury in support and in defense of T-M Vacuum's fraudulent transfer claim will involve complex accounting and valuation principles that lay fact witnesses will be unable to present effectively. These accounting and valuation principles will go to the central issues in the case. In some instances, fact witnesses may be altogether unqualified to testify about certain issues pertinent to the fraudulent transfer claim. For example, a material dispute to the issue of solvency will be whether GlobaLease's contingent assets should be considered as part of its net worth. Only a qualified accountant can testify about generally accepted accounting principles' treatment of contingent assets. In short, absent expert testimony, the jury would resort to conjecture and surmise in fashioning a determination of solvency and reasonably equivalent value. *See Wilson v. Scott*, 412 S.W.2d 299, 302 (Tex. 1967) ("Without the aid of expert medical testimony . . . a jury could not, without resorting to conjecture and surmise or by setting up an arbitrary standard of their own, determine

3

that defendants failed to exercise their skill and use the care exercised by the ordinarily skillful, careful and prudent physician acting under the same or similar circumstances.").

10. Permitting the Berrys to designate an accounting/valuation expert will not prejudice T-M Vacuum. After all, it was T-M Vacuum that had the burden to first designate expert witnesses in August 2009, but chose not to designate an accounting and/or valuation expert. If, however, the Court believes that granting leave to the Berrys to designate will prejudice T-M Vacuum, the Berrys do not oppose a continuance of the current trial setting to allow T-M Vacuum time to depose the Berrys' expert before trial.

11. The undersigned were substituted as counsel of record on January 13, 2010, several months after the original deadline to designate experts. Although it is unclear why prior counsel chose not to designate an accounting and/or valuation expert, the present motion for leave is being made as soon as practicable following the substitution of counsel.

12. District courts have "wide latitude" in pretrial matters and must be allowed to act with "intelligent flexibility" in this arena. *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971).

WHEREFORE, the Berrys respectfully request that the Court grant leave to allow them to designate Rob Hancock as an expert in this case.

Dated: January 19, 2010                                  Respectfully submitted,


                By: /s/ Michael E. Richardson
                   Michael E. Richardson
                   Federal I.D. No. 23630
                   State Bar No. 24002838
                BECK REDDEN & SECREST, L.L.P.
                One Houston Center, Suite 4500
                1221 McKinney Street
                Houston, TX 77010-2020
                Telephone:  713-951-3700
                Facsimile:  713-951-3720
                Email: mrichardson@brsfirm.com

                William W. Rucker
                Federal I.D. No. 3669
                3355 West Alabama, Suite 825
                Houston, Texas 77098
                Telephone: 713-824-0821
                Facsimile: 713-528-5011
                Email: rucker@wwrucker.com

                **ATTORNEYS FOR DEFENDANTS**
                **JOHN B. BERRY AND PATRICIA P. BERRY**

## CERTIFICATE OF CONFERENCE

  I hereby certify that I have conferred with T-M Vacuum's counsel, Miles Cohn, about the relief sought in the present motion, and he indicated that T-M Vacuum is opposed to same.


                /s/ Michael E. Richardson
                Michael E. Richardson

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a true and correct copy of the foregoing instrument to be served on the following counsel of record on this 19th day of January, 2010:

Miles Cohn, Esq.
SHEINESS, SCOTT, GROSSMAN & COHN, LLP
1001 McKinney Street, Suite 1400
Houston, Texas 77002-6420
*Via Facsimile*

                                          /s/ Michael E. Richardson
                                          Michael E. Richardson

1393.00002/449107.1