IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § § § | |
| PLAINTIFFS | § § | CIVIL ACTION NO. 09-00095 |
| VS. | § § | CIVIL |
| JOHN B. BERRY and wife, PATRICIA P. BERRY, | § § § § | JURY |
| DEFENDANTS | § | |

## PLAINTIFF'S PROPOSED JURY QUESTIONS

   Plaintiff, T-M Vacuum Products, Inc., submits the attached proposed jury questions for the trial of this lawsuit.

               Respectfully submitted,

               SHEINESS, SCOTT, GROSSMAN & COHN, L.L.P.

               By:  /s/ H. Miles Cohn
                  H. Miles Cohn
                  Texas Bar No. 04509600
                  Joshua A. Eberle
                  Texas Bar No. 24062706
                  1001 McKinney, Suite 1400
                  Houston, Texas 77002-6420
                  Facsimile: 713/374-7020
                  Telephone: 713/374-7049
              ATTORNEYS FOR PLAINTIFF,
              T-M VACUUM PRODUCTS, INC.

CERTIFICATE OF SERVICE

      I certify that a true copy of Plaintiff's Proposed Jury Questions was forwarded, by ECF electronic service, this the 22nd day of January, 2010, to Defendants' counsel.

Michael E. Richardson
Beck, Redden & Seacrest
One Houston Center
1221 McKinney Street
Suite 4500
Houston, Texas 77010

William W. Rucker
3355 West Alabama, Suite 825
Houston, Texas 77098

        /s/ H. Miles Cohn
        H. Miles Cohn

**Question No. 1**[1]

Do you find, from a preponderance of the evidence, that Mr. Berry committed fraud against T-M Vacuum Products?

Fraud occurs when –

a.  a party makes a material misrepresentation,

b.  the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,

c.  the misrepresentation is made with the intention that it should be acted on by the other party, and

d.  the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means:

a.  a false statement of fact;

b.  a statement of opinion based on a false statement of fact; or

c.  an expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion.

"Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

Answer "yes" or "no."

Answer: _____

---

[1] Source: <u>Texas Pattern Jury Charges</u> (2008 ed) 105.1 through 105.3

If you have answered Question No. 1 "yes," answer the following question. Otherwise, do not answer the following question.

### Question No. 2[2]

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate T-M Vacuum Products for the damages, if any, that were proximately caused by such fraud?

"Proximate cause" means that cause which, in a natural and continuous sequence, produced an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer separately in dollars and cents, if any.

Answer: _____

---

[2] Source: <u>Texas Pattern Jury Charges</u> 115.19 (damages), 100.9 (proximate cause)

Answer the following question only if you unanimously answered "Yes" to Question No. 1. If you did not answer "Yes" unanimously to Question No. 1, do not answer the following question.

To answer "Yes" to the following question, your answer must be unanimous. Otherwise, you must not answer the following question.

### Question No. 3[3]

Do you find by clear and convincing evidence that the harm to T-M Vacuum Products resulted from fraud?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "yes" or "no."

Answer: _____

---

[3] Source: <u>Texas Pattern Jury Charges</u> 114.36B

Answer the following question only if you unanimously answered "Yes" to Question No. 3. Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

### Question No. 4[4]

What sum of money, if any, if paid now in cash, should be assessed against Mr. Berry as exemplary damages, if any, for the fraud committed?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are –

a. The nature of the wrong.

b. The character of the conduct involved.

c. The degree of culpability of Mr. Berry.

d. The situation and sensibilities of the parties concerned.

e. Te extent to which such conduct offends a public sense of justice and propriety.

f The net worth of Mr. Berry.

Answer in dollars and cents, if any:

Answer: _____

---

[4] Source: Texas Pattern Jury Charges 115.37

**Question No. 5**[5]

Do you find, from a preponderance of the evidence, that GlobaLease Solutions made transfers of money or property to John Berry or Patricia Berry with actual intent to hinder, delay or defraud T-M Vacuum Products or other creditors of GlobaLease Solutions?

In determining the actual intent with which transfers were made, consideration may be given, among other factors, to whether:

(1) the transfer or obligation was to an insider;

(2) GlobaLease retained possession or control of the property transferred after the transfer;

(3) the transfer or obligation was concealed;

(4) before the transfer was made or obligation was incurred, GlobaLease had been sued or threatened with suit;

(5) the transfer was of substantially all of GlobaLease's assets;

(6) GlobaLease removed or concealed assets;

(7) the value of the consideration received by GlobaLease was reasonably equivalent to the value of the asset or assets transferred;

(8) GlobaLease was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; and

(9) the transfer occurred shortly before or shortly after a substantial debt was incurred.

A company is "insolvent" if the sum of its debts is greater than all of its assets at a fair valuation. A company that is generally not paying its debts as they become due is presumed to be insolvent.

Answer "yes" or "no with respect to each:

Answer:
    John Berry: _____
    Patricia Berry: _____

---

[5] Source: Tex.Bus.&Com.Code §24.005(a)(1) and (b); §24.003(a) and (b)

**Question No. 6[6]**

Do you find, from a preponderance of the evidence, (i) that GlobaLease Solutions made transfers of money or property, in October 2005 or thereafter, to John Berry or Patricia Berry without receiving a reasonably equivalent value in exchange for the transfers, and (ii) that GlobaLease was insolvent at that time or became insolvent as a result of the transfers?

Answer "yes" or "no with respect to each:

Answer:

    John Berry: _____

    Patricia Berry: _____

---

[6] Source: Tex.Bus.&Com.Code §24.006(a)

**Question No. 7**[7]

If you have answered either Question No. 5 or Question No. 6 "Yes," and only in that event, answer the following question.

What was the value, if any, of the assets transferred to or for the benefit of John and Patricia Berry?

Answer in dollars and cents, if any, with respect to each:

Answer:

    John Berry: _____

    Patricia Berry: _____

---

[7] Source: Tex.Bus.&Com.Code §24.009(b)

**Question No. 8**

If you have answered one or more of Question Nos. 1, 5 or 6 "Yes," and only in that event, answer the following question. If not, do not answer this question.

What sum of money, if any, was transferred from GlobaLease to pay the mortgage on John and Patricia's residence at 3714 Chevy Chase Dr. in Houston?

Answer in dollars and cents, if any.

Answer: _____