IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § § § | |
| PLAINTIFF | § § | CIVIL ACTION NO. 09-00095 |
| VS. | § § | |
| JOHN B. BERRY and wife, PATRICIA P. BERRY, | § § § § | CIVIL JURY |
| DEFENDANTS | § § | |

## JOINT PRE-TRIAL ORDER

Plaintiff T-M Vacuum Products, Inc. and Defendants John B. Berry and Patricia P. Berry submit this Joint Pre-Trial Order.

1. <u>Appearance of Counsel</u>.

Plaintiff, T-M Vacuum Products, Inc., is represented by:

H. Miles Cohn
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney St., Suite 1400
Houston, Texas 77002
Telephone (713) 374-7020
Facsimile (713) 374-7049
Email mcohn@hou-law.com

Defendants, John B. Berry and Patricia P. Berry, are represented by:

Michael E. Richardson
Beck, Redden & Sechrest, LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010
Telephone (713) 951-3700
Facsimile (713) 951-3720
Email mrichardson@brsfirm.com

William W. Rucker
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone (713) 528-2800
Facsimile (713) 528-5011
Email rucker@wwrucker.com

2.  Statement of the Case.

T-M Vacuum Products, the Plaintiff in this lawsuit, manufactures commercial furnaces that are used in mining operations.

In 2005, T-M Vacuum Products agreed to design, manufacture and sell two commercial furnaces to Ulba Mettalurgical, which is a mining company located in Kazakhistan, for a price of approximately $3.1 million.

Ulba did not want to pay cash for the furnaces, so T-M Vacuum Products sought a source of financing for construction and sale of the furnaces. John Berry, who is a Defendant in this lawsuit, owned and operated a company, located in Houston, that advertised its business of providing leasing services and financing for, among other things, international sales of equipment. Mr. Berry's company was TAISC, Inc., doing business under the name "GlobaLease Solutions." GlobaLease Solutions advertised that it provided financing for equipment sales through leasing transactions, in which GlobaLease Solutions would itself purchase the equipment and would then lease it to the company that ordered the equipment; GlobaLease Solutions would be repaid through the lease payments.

In October 2005, agreements were signed among the three parties: T-M Vacuum Products, Ulba Metallurgical, and Mr. Berry's company, GlobaLease Solutions. Under those agreements, T-M Vacuum Products would sell the furnaces; GlobaLease Solutions would purchase the furnaces; and GlobaLease Solutions would in turn lease the furnaces to Ulba Metallurgical. Under this arrangement, GlobaLease Solutions would pay T-M Vacuum Products for the furnaces and collect the lease payments from Ulba Metallurgical.

Before this lawsuit was filed, T-M Vacuum Products filed a separate lawsuit against GlobaLease Solutions, contending that it had not been paid the full purchase price for the furnaces. At the time the lawsuit was filed, GlobaLease Solutions had paid approximately $2.5 million to T-M Vacuum Products but had not made the final payments for each furnace, contending that T-M Vacuum Products had breached the sale agreement and that nothing further was owed. The court in that lawsuit ruled in favor of T-M Vacuum Products, and a judgment was rendered against GlobaLease for $621,439.00 plus interest and attorney's fees.

In this lawsuit, brought against Mr. Berry and his wife, Patricia Berry, T-M Vacuum Products alleges that it was defrauded by Mr. Berry, who allegedly knew but did not disclose that his company could not pay the full purchase price for the furnaces. T-M Vacuum Products also has sued Mr. and Mrs. Berry to recover damages for what it contends were fraudulent transfers from GlobaLease Solutions to Mr. and Mrs. Berry. The Berrys dispute all of these allegations.

3. <u>Jurisdiction</u>.

This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

4. <u>Motions</u>.

The following motions are pending:

(i) Plaintiff's Motion for Sanctions on Defendants' Failure to Appear for Court Ordered Depositions;

(ii) Defendants' Motion to Dismiss; and

(iii) Defendants' Motion for Leave to Designate an Accounting/Valuation Expert.

5. <u>Exhibits</u>.

Two copies of Plaintiff's Exhibit List are attached.

Two copies of Defendant's Exhibit List are attached.

6. <u>Witnesses</u>.

Plaintiff intends to call the following witnesses at trial:

(i) Fred T. Stuffer
(ii) Ted Lotz
(iii) John B. Berry

Defendants intend to call the following witnesses at trial:

(i) John B. Berry
(ii) Rob Hancock (subject to Court's ruling on Motion for Leave to Designate an Accounting/Valuation Expert)

7. <u>Trial</u>.

Trial is scheduled for January 27-29, 2010, and counsel anticipate it will be completed within that period. Counsel do not anticipate any logistical problems.

Signed this 25th day of January, 2010.

_____
United States District Judge

Submitted and approved by:

_____/s/ H. Miles Cohn_____
H. Miles Cohn
Texas Bar No. 04509600
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney St., Suite 1400
Houston, Texas 77002
Telephone (713) 374-7020
Facsimile (713) 374-7049
Email mcohn@hou-law.com
ATTORNEY-IN-CHARGE FOR PLAINTIFF, T-M VACUUM PRODUCTS, INC.


_____/s/ Michael E. Richardson_____
Michael E. Richardson
Texas Bar No. 24002838
Beck, Redden & Sechrest, LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010
Telephone (713) 951-3700
Facsimile (713) 951-3720
Email mrichardson@brsfirm.com
ATTORNEY-IN-CHARGE FOR DEFENDANTS, JOHN B. BERRY AND PATRICIA BERRY